## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARY MORENO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0200 |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

Defendants The Bank of New York Mellon ("BONY") and Bank of America, N.A. ("BOA") removed this case to federal court, asserting jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. The case is now before the Court on Plaintiff Mary Moreno's Motion to Remand [Doc. # 9], to which Defendants BONY and BOA filed a Response [Doc. # 10].[1] Having considered the full record and the governing legal authorities, the Court concludes that non-diverse Defendant Brice Vander Linden & Wernick, P.C. ("BVLW") was not improperly joined. As a result,

---

[1] Also pending is the Motion for Dismissal [Doc. # 6] filed by Defendants BONY and BOA. Because the Court lacks subject matter jurisdiction, this motion is denied without prejudice to being reurged following remand to state court.

the Court lacks subject matter jurisdiction over this dispute, and the Court **grants** the Motion to Remand.

## I.   BACKGROUND

Plaintiff filed this lawsuit in Texas state court alleging that Defendants improperly foreclosed on her property.  Plaintiff alleged specifically that BVLW is a "debt collector" within the meaning of the Texas Finance Code's Debt Collection Practices Act ("DCPA").

On January 20, 2012, BONY and BOA removed this case alleging federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  BONY and BOA argued that non-diverse Defendant BVLW had been improperly joined and, as a result, its Texas citizenship should not be considered for diversity jurisdiction purposes.  Plaintiff filed a timely Motion to Remand, which has been fully briefed and is now ripe for decision.

## II.   LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'"  *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by

judicial decree.'"  *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants assert that BVLW was improperly joined and, as a result, the Court should disregard its Texas citizenship for purposes of diversity jurisdiction.  A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant.  *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).  There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en*

*banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### III.   ANALYSIS

In response to Plaintiff's Motion to Remand, Defendants argue that BVLW was improperly joined because Plaintiff has failed to allege any causes of action against BVLW. Plaintiff alleges that BVLW served as a debt collector in connection with her mortgage loan, noting that BVLW identifies itself as a debt collector when answering telephone calls to its office. Defendants do not appear to argue that BVLW is not a debt collector.

The DCPA provides that "a debt collector may not use a fraudulent, deceptive, or misleading representation that . . . misrepresent[s] the character, extent, or amount of a consumer debt." *See* TEX. FIN. CODE § 392.304(a)(8). A debt collector is also prohibited from "threatening to take an action prohibited by law." *See id.*, § 392.301(a)(8). Plaintiff alleges that BVLW, as a debt collector, violated the Texas DCPA by improperly threatening to move forward with the foreclosure knowing it could not legally do so, and by misrepresenting the extent and amount of the debt by refusing to provide the true amount due. *See* Original Petition [Doc. # 1-2], ¶¶ 43-45.

These allegations could state a claim against BVLW under Texas law for violation of the DCPA. *See Harding v. Regent*, 347 F. Supp. 2d 334, 337 (N.D. Tex. 2004). This is true particularly in light of the liberal pleading and amendment rules in Texas state court.

Defendants argue also that Plaintiff's claim under the Texas Finance Code regarding BVLW's alleged threat to move forward with the foreclosure knowing it could not legally do so is actually a claim under the federal Home Affordable Modification Program ("HAMP") and Home Affordable Foreclosure Alternative Program ("HAFA"), for which there is no private right of action. Plaintiff, however, alleges only that BVLW violated the Texas Finance Code by threatening foreclosure knowing that it could not legally foreclose.[2] That BVLW knew foreclosure was not legally available because BOA had not complied with the requirements of HAMP and HAFA neither precludes the state law claim nor converts it into a federal claim.

Defendants have not satisfied their heavy burden to demonstrate that there is no possibility Plaintiff could recover against BVLW in state court. As a result, this Court lacks subject matter jurisdiction.

---

[2] Plaintiff has abandoned her quiet title claim against BVLW and is now asserting only the Texas Debt Collection Act claim against the non-diverse Defendant. *See* Motion to Remand, p. 7, n.1.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, Defendants have failed to establish that there is no possibility that Plaintiff could recover in state court against non-diverse Defendant BVLW.  As a result, BVLW was not improperly joined and the Court must consider BVLW's Texas citizenship.  Because Plaintiff and BVLW are Texas citizens, the Court concludes there is not complete diversity in this case.  Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 9] is **GRANTED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 6] is **DENIED WITHOUT PREJUDICE** to being reurged in state court.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 22nd day of **March, 2012**.

_____
Nancy F. Atlas
United States District Judge